Oldham, J. One of the causes assigned for error in this case is, that the circuit court permitted the defendant below to open and conclude the argument to the jury. This is a question within the discretion of the circuit court and is not subject to the control of of this court unless the discretion should be' abused to the prejudice of parties litigant. The decision, however, was correct the present instance. By issue made up between the parties, the onus probandi was upon the defendant and he was entitled to begin. After the release was executed and delivered by Joyner to Locker t the latter became a competent witness, and the objection taken to his competency was properly overruled. It is contended for the defendant in error that although there was not a literal and technical performance of the condition of the bond, yet there was a substantial performance. Lockert states that -about nine or ten o’clock on the day the negro was to be delivered, that he saw Rutherford, the deputy sheriff, crossing the street rapidly from the post office to the sheriff’s office at the distance of seventy or eighty yards from the court house, that he hailed him and spoke of the rumor in the county that he (Lockert) would not bring the boy to Benton and then said “ here is the boy, I have brought him to release Joyner on that bond”: to which Rutherford answered “ well ” or “ very well.” He did not point out the boy to Rutherford and does not know that he saw him. McCullough’s testimony is to the same effect. It cannot be contended with any plausibility that this was a performance of the condition of the bond. The only conclusion that can be rationally deduced from such a state of facts is, that Lockert intended to inform Rutherford that contrary to the prevailing rumor he had brought up the boy to be delivered in performance of the condition of the bond. It is very clear that Ruth-ford never regarded it as constituting a delivery and his testimony is full upon the point. To have constituted an offer to deliver sufficient to discharge the bond the intention of the party should have been clearly manifested to the sheriff, and the boy should have been brought forward, pointed out, and offered to the sheriff or his legally authorized deputy. It is very clear from the evidence that Lockert did not conceive that he had made such a delivery or tender as would discharge him from liability; for when the sheriff called upon him to produce the boy to be sold and it was ascertained that he was gone, the sheriff remarked that if he was not immediately forthcoming, the bond would be returned forfeited. Lockert did not deny but that such would be the legal consequence^ and immediately employed a man to go after the negro. From this circumstance it is to be infen'ed that the sheriff did not consider the negro in his possession, and that Lockert did consider him in his own. Taking this view of the evidence, and it is susceptible of no other, the verdict of the jury was wholly unsupported by proof and should have been set aside and a new trial granted. Two instructions were asked by the defendant, given by the court, and excepted to by the plaintiff. Whether they were correct in point of law is not necessary to be determined by this court, as that question does not legitimately arise. Had there been a delivery as contemplated by the first instruction, or had there been a tender by Lockert, and refusal or neglect by the sheriff as supposed by the second, then the correctness of the instructions in point of law, would have been legitimately before this court. But as has been shown, there was no evidence proving either a delivery or a tender, or conducing to prove either, and for that reason the instructions might have been refused. For the same reason the court did not err in refusing the instruction asked by the plaintiff. This court has often expressed itself opposed to disturbing the judgment of the pircuit courts for refusal to grant a new trial. The reasons for sustaining the verdict are still stronger in a case like the present where two successive juries have returned the same verdict: yet this is one of the cases where justice imperiously Remands that the verdict be set aside and a new trial granted. There is not an iota of evidence to sustain the verdict, but the whole clearly and conclusively establishes the right of the plaintiff to a recovery. Reversed,